UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ELIZABETH RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-21 |
| | ) |
| NORTH VERNON INDUSTRY CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Elizabeth Riley ("Riley"), brings claims against Defendant, North Vernon Industry Corp. ("Defendant"), and states as follows:

## OVERVIEW

1. This Complaint arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et. seq.

## PARTIES

2. Riley is an individual who, at all relevant times, worked in Jennings County. She was an employee as defined by 42 U.S.C. §2000e(f).

3. Defendant is located in Jennings County. The company is an 'employer' as defined by 42 U.S.C. §2000e(b).

## JURISDICTION

4. This Court has jurisdiction over Defendant pursuant to U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331.

1

5. Riley timely filed a charge with the U.S. Equal Employment Opportunity Commission. Thereafter, she received a dismissal and notice of suit rights and filed the instant matter within ninety (90) days of receiving said dismissal.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana in Jennings County, Indiana.

## FACTS

7. Defendant hired Riley on or about September 12, 2022. Riley was hired as a General Laborer.

8. Riley met or exceeded Defendant's legitimate expectations of performance.

9. Riley was repeatedly sexually harassed by a co-worker. Riley found the harassment offensive and objectionable.

10. Riley complained to Human Resources on May 16, 2022, about the sexual harassment.

11. Defendant fired Riley 6 days later.

12. Riley has suffered harm as a result of Defendant's conduct.

## LEGAL COUNTS

## COUNT 1: SEXUAL HARASSMENT

13. Riley incorporates paragraphs 1 – 12 herein.

14. Plaintiff was subjected to a subjectively and objectively hostile work environment because of her sex, female.

15. The harassment altered the terms, privileges, and conditions of Plaintiff's employment.

16. Riley was harmed by Defendant's unlawful willful and/or reckless conduct.

## COUNT 2: RETALIATION

17. Riley incorporates paragraphs 1 – 16 herein.

18. Plaintiff engaged in protected conduct when she complained about what she reasonably believed to be sexually harassed.

19. Thereafter, her employment was terminated because of her complaints.

20. Similarly-situated employees who had not engaged in protected activity were treated more favorably than Riley in the terms, privileges, and conditions of employment.

21. Riley was harmed by Defendant's unlawful willful and/or reckless conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order awarding Plaintiff damages, including compensatory damages, as provided for by federal law;

b. An Order awarding Plaintiff punitive damages as provided for by federal law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. An Order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    s/ Christopher S. Wolcott
    Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 342-2799
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 342-2799
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff